IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHATTA IYE MANSARAY,

    Plaintiff,

v.                                        Civil Action No. PX 17-0098

MUTUAL BENEFIT INSURANCE COMPANY
D/B/A MUTUAL BENEFIT GROUP,

    Defendant.

## MEMORANDUM OPINION

Pending in this insurance action are Plaintiff Shatta Iye Mansaray's motion to remand, or in the alternative, for summary judgment, ECF No. 11, and her motion to amend, ECF No. 26-2 at 102–06. Additionally, Defendant Mutual Benefit Insurance Company has filed a cross-motion for summary judgment. ECF No. 17. The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary.[1] For the reasons that follow, Plaintiff's motions shall be denied, and Defendant's cross-motion for summary judgment shall be granted in part as to Plaintiff's complaint and denied in part as to its own counterclaim.

## I. BACKGROUND

### A. Factual Background

This case arises out of an insurance coverage dispute between insurer Mutual Benefit Insurance Company ("Mutual Benefit") and Plaintiff Shatta Iye Mansaray ("Plaintiff") stemming

---

[1] Plaintiff is represented by counsel Mariatu Kargbo, a member of this bar. Plaintiff's counsel submitted her instant motion as a hard copy through the mail, and the filing was accepted as a one-time courtesy from the Clerk's office. *See* ECF No. 12. Following multiple attempts to file hard-copy pleadings, in violation of Local Rule 105.1(a), the Court ordered Ms. Kargbo to file future pleadings through the Court's electronic case filing system. *See* ECF No. 23. Ms. Kargbo has failed to do so, and the March 10, 2017 deadline to file responsive pleadings has passed. *Id.*

1

from Mutual Benefit's denial of coverage following Plaintiff's single car accident. *See* ECF No. 6 at 1.

Mutual Benefit issued an automobile insurance policy (the "Policy") to Plaintiff as the named insured with a policy period of January 28, 2016 to January 28, 2017 for Plaintiff's 2002 Mitsubishi Montero Sport. *See* ECF No. 17-5 at 3; ECF No. 17-3 at 2. Initially, Plaintiff failed to timely remit the monthly premium installment of $127.00, and Mutual Benefit notified Plaintiff that failure to pay her monthly premium would result in cancellation of her insurance coverage. *See* ECF 17-6 at 2. Plaintiff thereafter paid the first monthly premium installment within the grace period, and her coverage took effect. ECF No. 17-3 at 2. However, the next month, Plaintiff once again failed to pay her monthly premium. ECF No. 17-7 at 2. Mutual Benefit provided Plaintiff with a second notice of cancellation. *Id.* Plaintiff paid the second delinquent installment in full within the effective grace period, thus continuing her insurance coverage. *See* ECF No. 17-8 at 2.

On October 28, 2016, Plaintiff failed to pay the monthly installment a third time. ECF No. 17-10 at 2. On November 2, 2016, Mutual Benefit sent Plaintiff a third notice of cancellation, which advised Plaintiff that failure to pay $137.00 ($127.00 plus $10 in fees) on or before 12:01 AM on November 14, 2016, would result in the Policy's cancellation. *Id.* On November 1, Plaintiff only paid $119.00 to Mutual Benefit, ECF No. 17-11 at 2, an amount far short of the payment due. As a result, Mutual Benefit cancelled the Policy and returned the unearned premium to Plaintiff. ECF No. 17-12 at 2; ECF No. 26-2 at 142.

Plaintiff's insurance agent, Southern Maryland Insurance Inc. ("Southern Maryland"), requested that Mutual Benefit reinstate the Policy, ECF No. 17-3 at 3, but Mutual Benefit refused on the grounds that Plaintiff's three late notices received during the Policy term disqualified

reinstatement per the Policy's underwriting guidelines. *See id.* at 3; ECF No. 17-5 at 7. On November 22, 2016, Plaintiff submitted a claim to Mutual Benefit, alleging that she had damaged her own vehicle by hitting a curb while parking. ECF No. 17-13 at 2. Mutual Benefit acknowledged her claim in writing, but then denied Plaintiff coverage because the accident occurred after the Policy had been cancelled for non-payment on November 14, 2016. *See* ECF No. 17-14 at 2. Plaintiff brought suit as a result.

### B. Procedural Background

Plaintiff initially filed her case against Mutual Benefit in the Circuit Court for Prince George's County, Maryland, asserting breach of contract (Count VI),[2] fraud or deceit (Count II and III), and bad faith failure to settle (Counts I, IV, and V). *See* ECF No. 6. Plaintiff seeks a preliminary injunction, disgorgement of Mutual Benefit's profits, and compensatory and punitive damages up to $600 million (per the complaint) or $60 billion (per her putative state court appeal of the removal of this action to the Maryland Court of Special Appeals).

On January 4, 2017, Mutual Benefit received a copy of Plaintiff's complaint by regular mail. ECF No. 17-2 at 2. Mutual Benefit filed its notice of removal in this Court on January 11, 2017, asserting diversity jurisdiction. ECF No. 26-2 at 61. On January 12, 2017, Plaintiff moved to amend her complaint in the Circuit Court seeking to add her insurance agent, Southern Maryland, as a defendant. *See* ECF No. 26-2 at 102–06. The next day, on January 13, 2017, Mutual Benefit noted removal in Prince Georges County Circuit Court. *See* ECF No. 26-2 at 61–66. Well after Mutual Benefit's notice of removal, on March 14, 2017, the state court dismissed

---

[2] Plaintiff also purports to assert a claim of "good faith," but there is no independent cause of action at law in Maryland for breach of the implied covenant of good faith and fair dealing. Instead, a breach of the good faith duty is viewed as an element of breach of contract. *See Mount Vernon Properties, LLC v. Branch Banking And Trust Co.*, 170 Md. App. 457, 472 (2006) (citing *Swedish Civil Aviation Admin. v. Project Management Enterprises, Inc.*, 190 F. Supp. 2d 785, 794 (D. Md. 2002)).

3

the original complaint "without leave to amend" and closed the case. *See* ECF No. 26-2 at 8; State Court Docket, ECF No. 26-1 at 4. Plaintiff then filed a notice of appeal in the Circuit Court, ECF No. 26-2 at 2, which is currently pending in Maryland's Court of Special Appeals.[3]

In this Court, Plaintiff also filed a "Motion to Dismiss and Deny Defendant's Motion for Removal to Fedefral [sic] Court Pursuant to Federeal [sic] Rules of Civil Procedure 28 USC Sections 1441(b), 28 USC Section 1446, 28 USC SECTION 1332(a) and to Submit Defendant to Plead an Answer in State of Maryland Court and Enter a Judgment for Federal Summary Judgment in Plaintiff's Favor," on January 18, 2017. *See* ECF No. 11. Based upon the relief sought, the Court construes Plaintiff's motion as one requesting that the case be remanded pursuant to 28 U.S.C. § 1447(c) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.

On January 26, 2017, Mutual Benefit filed a timely answer, asserting affirmative defenses and a counterclaim for declaratory relief. ECF No. 15. The counterclaim seeks a declaration that the Policy was properly cancelled because of Plaintiff's failure to comply with the Policy's notice and cooperation provisions. *Id.* at 5. On February 1, 2017, Mutual Benefit then filed a cross-motion for summary judgment. ECF No. 17. For the reasons that follow, Plaintiff's motion to remand and for summary judgment shall be denied, Plaintiff's motion to amend and add a new party shall be denied, and Mutual Benefit's cross-motion for summary judgment shall be granted in part as to Plaintiff's complaint and denied in part as to its own counterclaim.

## II.     ANALYSIS

---

[3] Plaintiff first attempted to file an appeal in the Court of Special Appeals on January 25, 2017. *See* ECF No. 26-2 at 11. However, the appeal was prematurely filed before an appeal was noted in the Circuit Court, and on February 16, 2017, the Court of Special Appeals returned Plaintiff's appeal-commencing, "Civil Appeal Information Report" to Plaintiff's counsel, due to its lack of jurisdiction. *See* ECF No. 26-2 at 10.

### A. Motion to Remand[4]

Plaintiff seeks remand, asserting that her amended complaint adding Southern Maryland as a party defeats diversity jurisdiction. Diversity jurisdiction exists when the action is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Importantly, diversity of citizenship must be "complete," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999) (internal citation omitted). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

It is plain that the originally filed complaint reflects that this Court retains diversity jurisdiction. Plaintiff is a resident of Maryland, *see* ECF No. 6 at 2, and Mutual Benefit is a Pennsylvania corporation with its principal business in Pennsylvania. *See* ECF No. 17-2 at 2; ECF No. 6. Plaintiff's claimed damages of $600,000,000, while suspiciously high given the nature of the suit, exceeds the $75,000 jurisdictional amount and are at least colorably supported by the Plaintiff's claims. ECF No. 6.[5] Accordingly, if this Court looks to the original complaint, diversity jurisdiction is satisfied.

---

[4] On June 1, 2017, the Court entered an Order directing Mutual Benefit, the removing party, to submit all filings from the state court action to aid the Court's determination of the Plaintiff's motion for remand. *See* ECF No. 25. Mutual Benefit complied with supplemental filings. *See* ECF No. 26.

[5] The amount in controversy must be pleaded "in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *accord Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007); *Joy Family Ltd. Partnership v. United Financial Banking Companies, Inc.*, 2013 W L 4647321, at * 6 (D. Md. 2013); *see also Dow v. Jones*, 232 F. Supp. 2d 491, 497–98 (D. Md. 2002) ("It is well established that the sum claimed in the Plaintiff's complaint determines the amount in controversy, barring bad faith or the legal impossibility of recovering such an amount."). Because Plaintiff's fraud claim carries the potential for punitive damages, *see Ellerin v. Fair fax Sav. F.S.B.*, 652 A.2d 1117, 1129 (MD. 1995), the Court accepts that the complaint satisfies the amount in controversy. ("In calculating the amount in controversy, both actual and punitive damages are considered." (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943))).

Plaintiff argues, however, that because she amended her complaint in Circuit Court, joining Southern Maryland, diversity is defeated. *See* ECF No. 2-3. Plaintiff's argument is unavailing because her motion to amend was not granted prior to the Defendant perfecting its removal to this Court.

The propriety of removal is "determined according to the plaintiff's pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Then, once a defendant notes removal in both the state and federal courts, the state loses jurisdiction over the matter. *See* 28 U.S.C. § 1446; *Stone v. South Carolina*, 117 U.S. 430, 432 (1886); *Burroughs v. Palumbo*, 871 F. Supp. 870, 871 (E.D.Va. 1994); *State of South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971) (holding that proceedings after filing of notice of removal in state court are void because state court loses all jurisdiction after filing of notice in federal court and in state court). For the time that a defendant notes removal in federal court but has not yet noted removal in state court, however, both courts retain concurrent jurisdiction. *See Burroughs*, 871 F. Supp. at 872 (citing *Berberian v. Gibney*, 514 F.2d 790, 792 (1st Cir. 1975)). *See also Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 667 (E.D. Va. 2004).

Here, the operative complaint at the time of removal was the original and not the proposed amended complaint. Mutual Benefit filed its notice of removal in this Court on January 11, 2017, ECF No. 26-2 at 61, and then in state court two days later, on January 13, 2017. *See* ECF No. 26-2 at 61-66.[6] For two days, therefore, this Court and the Circuit Court for Prince George's County retained concurrent jurisdiction. During that same time, on January 12, 2017, Plaintiff filed her motion to amend the complaint in Circuit Court. *See* "Motion to Add New Defendant and Change the Style of the Case," ECF No. 26-2 at 102–06. But the Circuit Court did not rule on the motion immediately. It was only after Defendants perfected removal, that the

---
[6] *See* ECF No. 26-1 at 3.

state court dismissed the complaint "without leave to amend," ECF No. 26-2 at 8, and closed the case, ECF No. 26-2 at 9. Simply put, Plaintiff's motion to amend was never accepted in Circuit Court prior to removal, and so cannot be considered in the diversity analysis. Based on the original complaint, diversity jurisdiction is proper. Plaintiff's motion to remand is denied.

### B. Motion to Amend

Because motions pending in state court at the time of removal are considered as if they were filed in the federal forum, the Court next turns to Plaintiff's motion to amend her complaint to add Southern Maryland as a party. *See Geyer v. U.S. Van Lines*, No. 2:12-04678, 2013 WL 65458, at *3 (S.D.W. Va. Jan. 4, 2013) ("the court must address any pending state-court motions filed during the intervening period of joint jurisdiction"). *See also Burroughs*, 871 F. Supp. at 873 (providing that the federal court takes the case in the posture in which it departed the state court, treating everything done in the state court as if it had been done in federal court) (citing *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963); *Munsey v. Testworth Lab.*, 227 F.2d 902, 903 (6th Cir. 1955)); *see also* Federal Rule of Civil Procedure 81(c)(2) "[a]fter removal, repleading is unnecessary unless the court orders it.").

When a plaintiff seeks to join a nondiverse defendant after removal, the analysis begins with 28 U.S.C. § 1447(e). Section 1447(e) provides that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). *See also Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing 28 U.S.C.A. § 1447(e)). These are "the only two options" because "the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." *Mayes*, 198 F.3d at 462.

Whether to permit joinder under 28 U.S.C. § 1447(e) "is committed to the sound discretion of the district court." Importantly, the Court's § 1447 analysis is not controlled by the joinder rule, Federal Rule of Civil Procedure 19, which is a less flexible analysis. *Id.* at 462 (citing 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Fed. Prac. & Proc. § 3739, at 445 (3d ed. 1998)). Rather, with the Fourth Circuit's guidance in *Mayes v. Rapoport*, this Court may consider all relevant factors, including but not limited to "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* (quotation marks omitted). After weighing all factors, this Court denies the amendment.

The Court at the outset notes that Plaintiff only filed her motion to amend the Complaint immediately *after* Defendants noted removal, the timing of which aptly raises suspicions of fraudulent joinder. *Mayes*, 198 F.3d at 463 ("[w]here, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction."). Regardless, "the absence of fraudulent joinder does not require acceptance of an amendment to the complaint that would result in remand." *Copley v. Argus Energy, LLC*, No. CV 3:13-25305, 2014 WL 12692294, at *3 (S.D.W. Va. Mar. 21, 2014) (alterations omitted).

Even more significant to the analysis, though, is the relative harms that will result if joinder is allowed. Here, Plaintiff is asking to add Southern Maryland as a wrongdoer under the same theories undergirding her original claims. Yet, the proposed amended complaint fails to aver how Southern Maryland, as the insurance agent, can be held liable for Mutual Benefit's

8

alleged failure to settle Plaintiff's claims. As a result, Plaintiff's assertion that she cannot receive complete relief without the addition of Southern Maryland rings hollow. Furthermore, if Plaintiff can plead a theory of liability against Southern Maryland, she is free to file a separate state action. When considering the totality of these circumstances, Plaintiff is not prejudiced by denying the amendment.

By contrast, Mutual Benefit will be prejudiced if the Court allows joinder. *See Davis v. Piper Aircrat Corp.*, 615 F. 2d 606, 613 (4th Cir. 1980) (noting that undue prejudice to the nonmovant is a factor that should be considered when deciding whether to grant leave to amend). Mutual Benefit has a keen interest in keeping this action in federal court, as it has already expended time and resources on removal. This is especially so where cross motions for summary judgment are pending, suggesting that both parties view the case as ripe for dispositive resolution. When balanced against the fact that joinder of Southern Maryland in the absence of any articulated theory of liability would be futile, remand at this stage indeed prejudices Mutual Benefit. *Cf. Pryor v. D.R. Horton, Inc.*, No. 4:10-2255-TLW-SVH, 2011 WL 2036337, at *3 (D.S.C. Feb. 9, 2011), *report and recommendation adopted*, No. 4:10-CV-02255, 2011 WL 2020737 (D.S.C. May 20, 2011) (finding prejudice lacking where there had been no discovery and no futility). Balancing the equities, as *Mayes* instructs, the Court denies Plaintiff's motion to amend the complaint.

**C. Motions for Summary Judgment**

Both parties have moved for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on

9

the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1).

When a court is called upon to decide cross-motions for summary judgment, it must review each motion separately on its own merits to decide whether either party deserves judgment as a matter of law. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003). Thus, as with any motion for summary judgment, the court must review the facts and reasonable inferences therefrom in the light most favorable to the party opposing that motion. *Id.*

### D. Mutual Benefit's Cross-Motion for Summary Judgment

#### 1. Plaintiff's Complaint

Plaintiff asserts claims of breach of contract (Count VI), fraud or deceit (Count II and III), and bad faith failure to settle (Counts I, IV, and V). *See* ECF No. 6. Under Maryland law, a breach of contract claim requires a contractual obligation and a material breach of that obligation. *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (Md. 2001); *Capitol Radiology, LLC v. Bank*, 439 Fed. App'x. 222 (4th Cir. 2011). Like any other contract, an insurance contract is

"measured by its terms unless a statute, a regulation, or public policy is violated thereby." *Connors v. Gov't Employees Ins. Co.*, 442 Md. 466, 480 (2015).

Here, the undisputed evidence supports that Plaintiff's insurance contract was cancelled for non-payment of premiums prior to the incident for which she claims that the Defendant must provide insurance coverage. The cancellation clause of the Policy expressly states that "[a]fter this policy is in effect for 45 days . . . we will cancel only . . . [f]or nonpayment of premium . . . ." ECF No. 17-5 at 7. Plaintiff does not dispute that she failed to pay the premiums as the contract demanded. Nor does she genuinely dispute that the Policy was properly cancelled for non-payment in accordance with Maryland law. *See Goldstein v. Lincoln Nat. Life Ins. Co.*, No. WMN-09-706, 2012 WL 1044325, at *3 (D. Md. Mar. 27, 2012) ("Lincoln National had a right to cancel Mr. Goldstein's policy for failure to make required premium payments. Per the terms of the policy contract, non-payment of premiums (or, in this case, failure to maintain a sufficient cash value to cover monthly deductions) is a stated reason for cancellation."). Mutual Benefit also followed the outlined procedure for proper notice of cancellation. *See* ECF No. 17-5 at 7 ("at least 10 days notice by 'first-class mail tracking method' if cancellation is for nonpayment of premium"); *see also Am. Fire Ins. Co. v. Brooks*, 83 Md. 22 (1896) (finding a provision in an insurance policy that requires the insurer to give notice prior to cancellation of the policy is considered a condition precedent which must be fulfilled before the company can perform the act of cancellation). Finally, no genuine dispute exists that Plaintiff's claim for the damage to her own car occurred after the Policy had been cancelled. ECF No. 6 at 2. As a result, Mutual Benefit was under no contractual obligation to pay on the claim, and so no breach occurred, and Plaintiff's contract claim (Count VI), therefore, must fail.

For the same reasons, Plaintiff cannot sustain her claims of fraud or deceit (Counts II and III), which require that a false representation be pleaded and proven with particularity. *See Canatella v. Davis*, 286 A.2d 122, 127–28 (Md. 1972). None has been pleaded or proven here. In the deceit count, Plaintiff merely reasserts that Mutual Benefit failed to settle her insurance claim. *See* ECF No. 6 at 3. Further, the undisputed evidence shows that Plaintiff failed to pay her premiums and so the Policy was cancelled. No evidence of fraud has been generated. Accordingly, summary judgment must be granted in the Defendant's favor.

Lastly as to Plaintiff's claim of bad faith failure to settle (Counts I, IV, and V), "Maryland law does not recognize first party tort actions against insurers for failure to settle insurance claims." *Gladney v. Am. W. Home Ins. Co.*, No. ELH-15-1559, 2016 WL 1366029, at *5 (D. Md. Apr. 6, 2016) (citing *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 474 (4th Cir. 2001). The [Maryland] Unfair Claim Settlement Practices Act prohibits an insurer from failing to act in good faith solely with respect to settling first-party claims. Md. Code Ann., Ins. § 27-303(9). Furthermore, the statute provides for only administrative remedies to be received through the Maryland Insurance Administration ("MIA"), not a private cause of action. Md. Code Ann., Ins. § 27-301; *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 475–76 (4th Cir. 2001) ("[F]ederal courts simply have no license to upend Maryland's decision to resolve this sort of insurance complaint administratively[.]"). Mutual Benefit's motion for summary judgment is therefore granted as to Counts I, IV, and V.

### 2. Mutual Benefit's Request for Declaratory Relief

Mutual Benefit counterclaims for declaratory relief pursuant to 28 U.S.C. § 2201 ask the Court to issue a declaratory judgment finding that "it has no duty to pay plaintiff' [sic] claim

12

based on the proper cancellation of the Policy for non-payment prior to plaintiff's alleged accident." *See* ECF No. 15 at 5.

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). By its very nature, then, declaratory relief is granted at the discretion of the Court; it is not "an absolute right" of the litigant. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). In the exercise of its "broad discretion," *S.C. Dept. of Health & Envtl. Control v. Commerce & Indus. Ins. Co.*, 372 F.3d 245, 260 (4th Cir. 2004), the court may decline to exercise its jurisdiction and dismiss the action for "good reason." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594 (4th Cir. 2004). A court should normally entertain a declaratory action where the "relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994).

Although the Declaratory Judgment Act "should be liberally construed," it is not meant to be used "to interfere with an action which has already been instituted." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937); *see also Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998). "Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action serves no useful purpose because the controversy has ripened and the uncertainty and anticipation of litigation are alleviated." *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1038 (N.D. Ill. 2014) (internal citations and quotations omitted); *see also Boone v. MountainMade Found.*, 684

F. Supp. 2d 1, 12 (D.D.C. 2010) ("[W]hen the request for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim, courts often exercise their discretion to dismiss the counterclaim on the ground that it is redundant and a decision on the merits of plaintiff's claim will render the request for a declaratory judgment moot." (internal quotation marks omitted)); *cf. Metra Indus., Inc. v. Rivanna Water & Sewer Auth.*, No. 3:12CV00049, 2014 WL 652253, at *2 (W.D. Va. Feb. 19, 2014) (finding declaratory judgment serves no "useful purpose" when it seeks only to adjudicate an already-existing breach of contract claim).

Here, the counterclaim is duplicative and merely a defense characterized as a counterclaim. *See Tyler v. Cashflow Techs., Inc.*, No. 6:16-CV-00038, 2016 WL 6538006, at *6 (W.D. Va. Nov. 3, 2016) (citing Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim . . . the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.")). Defendant's declaratory judgment claim asks the Court to determine whether Defendant properly cancelled the insurance policy. This counterclaim will not assist in "clarifying and settling the legal relations in issue" or "terminate and afford relief" from the uncertainties leading to this dispute. *Fuscardo*, 35 F.3d at 965 (quotations omitted). Put differently, to consider the counterclaim would force "the court to handle the same issues twice." *Penn Mutual Life Ins. Co. v. Berck*, No. DKC 09-0878, 2010 WL 3294305, at *3 (D. Md. Aug. 20, 2010); *cf. Fuscardo*, 35 F.3d at 966 (upholding a district court's decision to dismiss a declaratory judgment action when the underlying issue was already pending in another suit). Accordingly, Defendant's request for declaratory judgment is denied.

### E. Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment is based on the same issues and facts underlying Mutual Benefit's grounds for summary judgment. Plaintiff specifically contends that

Mutual Benefit has proffered no evidence for which a reasonable juror could find Mutual Benefit not obligated to cover her claims. Plaintiff submits no evidence in support of her motion, and instead, oddly argues that Mutual Benefit's notice of removal constitutes an admission of the allegations of Plaintiff's complaint. ECF No. 11 at 3, 5, 6. Of course, that is not so. Mutual Benefit timely answered the complaint to include its affirmative defenses and counterclaims. *See* ECF No. 15. Plaintiff's argument, therefore, is without merit. For the reasons previously discussed, Plaintiff's motion for summary judgment is denied.

### III. CONCLUSION

The Court finds that diversity jurisdiction is satisfied, and Plaintiff's Motion to Remand is denied. Also, because the addition of Southern Maryland as a defendant is not required under 28 U.S.C. § 1447(e), Plaintiff's Motion to Amend is denied. Mutual Benefit's counterclaim for declaratory relief is dismissed, as it is duplicative. Finally, because Mutual Benefit properly terminated Plaintiff's insurance policy, Plaintiff's Motion for Summary Judgement is denied and Mutual Benefit's Motion for Summary Judgement is granted on all of Plaintiff's counts. A separate order follows.

| 6/26/2017 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |